WENTWORTH, Judge.
In these consolidated appeals appellant seeks review of administrative orders by which the Department of Transportation (DOT) ordered the removal of three advertising signs. We affirm the order appealed in Case No. BF-201; however, we find that the other orders appealed do not indicate a full consideration of the appropriate criteria, and we therefore remand the causes for further action in Case Nos. BE-362 and BF-200.
Appellant owns three outdoor advertising signs along Interstate 10 in Jackson County, Florida. The signs are physically removed from the business establishments which they advertise, and are all located on separate leased parcels of unzoned land. All three signs contain brand-name gasoline advertising, and the signs involved in Case Nos. BE-362 and BF-200 are accompanied by an unserviced diesel pump for the sale of untaxed fuel for off-road use. DOT issued notices of violation alleging that the signs lack permits and do not comply with applicable spacing requirements.
Formal administrative proceedings were held for the presentation of evidence, after which the hearing officer determined that although appellant’s signs are located in an unzoned commercial area as referenced in section 479.111(2), Florida Statutes[1], they are nevertheless subject to the spacing requirement of Florida Administrative Code Rule 14-10.06(b)2b.[2] Finding that appellant’s signs do not comply with this spacing requirement, which mandates that such structures not be located within 500 feet of an interchange, and further determining *1012 that appellant is not entitled to an “on-premises” exemption asserted in Case Nos. BE-362 and BF-200, the hearing officer recommended that DOT require the removal of appellant’s signs. DOT adopted the recommended orders and directed that appellant’s signs be removed.
The conclusion that appellant’s signs are not entitled to an “on-premises” exemption was expressly predicated upon the location of the signs on non-contiguous property over 1000 feet removed from the place of business. While this circumstance may have been determinative under section 479.16(1), Florida Statutes (1983), which limited the exemption to areas not more than 100 feet from the place of business, the statute was subsequently amended so as to delete this provision. The amended statute, which became effective prior to DOT’s adoption of the recommended orders, now provides an exemption for certain signs “on the premises of an establishment.” See section 479.16(1), Florida Statutes. “Premises” is defined as “land occupied by the buildings or other physical uses which are an integral part of the activity conducted_” See section 479.01(13). The appealed orders indicate that DOT did not consider these amendments, thus necessitating remand for such consideration in Case Nos. BE-362 and BF-200.[3]
While Florida Administrative Code Rule 14-10.06(b)2b may provide an independent basis for the mandated removal of appellant’s signs,[4] we deem it inappropriate to reach this issue at the present time in Case Nos. BE-362 and BF-200. Since DOT has not yet made any determination as to appellant’s assertion of entitlement to an “on-premises” exemption in accordance with the amended statutes, we find remand to be appropriate in Case Nos. BE-362 and BF-200 for the purpose of allowing DOT to render the initial determination, if necessary, as to the effect of any such exemption upon the spacing requirement of Rule 14-10.06(b)2b.[5]
The order appealed in Case No. BF-201 is affirmed. In Case Nos. BE-362 and BF-200, the orders appealed are reversed and the causes remanded.
BOOTH, C.J., and SMITH, J., concur.

. Section 479.111, Florida Statutes provides that:
Only the following signs shall be allowed within controlled portions of the interstate highway system and the federal-aid primary highway system ...:
[[Image here]]
(2) Signs in commercial-zoned and industrial-zoned areas or commercial-unzoned and industrial-unzoned areas_

. Florida Administrative Code Rule 14-10.-06(b)2b provides that:
Outside incorporated towns and cities, no structure may be located adjacent to or within five hundred (500) feet of an interchange....

. Appellant does not assert entitlement to an "on-premises” exemption in Case No. BF-201.

. Appellant'pursued an unsuccessful rule challenge below, see Fuqua & Davis, Inc. v. Department of Transportation, State of Florida, 6 FALR 1633 (March 8, 1984), which is not involved in the present appeal. Appellant now asserts that since interchanges are not of uniform configuration throughout the state application of the spacing requirement violates concepts of equal protection. We find this contention to be without merit. Cf., Ackerley Communications Inc. v. City of Seattle, 92 Wash.2d 905, 602 P.2d 1177 (1979).

.By this action we express no opinion as to whether appellant may be entitled to an "on-premises" exemption, or whether Rule 14-10.-06(b)2b may apply even if such exemption is granted.